UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SHAYLA RENEA HANKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-17-547-CG |
| | ) | |
| NANCY A. BERRYHILL, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Plaintiff Shayla Renea Hanks brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying Plaintiff's applications for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income ("SSI") under Title XVI of the Social Security Act, *id.* §§ 1381-1383f. The parties have consented to the jurisdiction of a United States Magistrate Judge. Upon review of the administrative record (Doc. No. 12, hereinafter "R. _"),[1] and the arguments and authorities submitted by the parties, the Court affirms the Commissioner's decision.

PROCEDURAL HISTORY AND ADMINISTRATIVE DECISION

Plaintiff protectively filed her DIB application on September 6, 2013, and filed her SSI application on September 20, 2013. R. 20. In both applications, Plaintiff alleged a

---

[1] With the exception of the administrative record, references to the parties' filings use the page numbers assigned by the Court's electronic filing system.

disability onset date of June 1, 2009. R. 20, 194, 196. Following denial of her applications initially and on reconsideration, a hearing was held before an Administrative Law Judge ("ALJ") on September 21, 2015. R. 41-88, 141-45, 146-49, 152-54, 155-57. In addition to Plaintiff, a vocational expert ("VE") testified at the hearing. R. 78-85. The ALJ issued an unfavorable decision on December 29, 2015. R. 17-32.

The Commissioner uses a five-step sequential evaluation process to determine entitlement to disability benefits. *See Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009); 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 1, 2009, the alleged disability-onset date. R. 23. At step two, the ALJ determined that Plaintiff had the severe medically determinable impairments of rheumatoid arthritis, Sjögren's syndrome, right-knee ACL tear, right-shoulder labial tear, endometriosis with history of pelvic pain and bladder weakness, and obesity. R. 23-24. At step three, the ALJ found that Plaintiff's condition did not meet or equal any of the presumptively disabling impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings"). R. 24-25.

The ALJ next assessed Plaintiff's residual functional capacity ("RFC") based on all her medically determinable impairments. R. 25-30. The ALJ found that Plaintiff had the RFC to

> perform light work as defined in 20 CFR [§§] 404.1567(b) and 416.967(b) except she can stand and/or walk for a total of 4 of 8 hours in an 8-hour workday and sit for a total of 6 hours in an 8-hour workday. She can stand and/or walk up to 30 minutes at a time and sit up to 30 minutes at a time with all changes in position occurring at the workstation without taking a break. She never can climb ladders, ropes, and scaffolds but occasionally can climb

2

stairs, kneel, crouch and crawl. She is limited to frequent reaching overhead with the dominant right upper extremity.

R. 25. At step four, the ALJ considered the hearing testimony of the VE and found that Plaintiff was not capable of performing her past relevant work. R. 30-31.

At step five, the ALJ considered whether there are jobs existing in significant numbers in the national economy that Plaintiff—in view of her age, education, work experience, and RFC—could perform. R. 31-32. Relying upon the VE's testimony, the ALJ found that Plaintiff could perform light, unskilled occupations such as office helper and parking-lot attendant. R. 31-32. The ALJ therefore determined that Plaintiff had not been disabled within the meaning of the Social Security Act during the relevant time period. R. 32.

Plaintiff's request for review by the SSA Appeals Council was denied on March 8, 2017, and the unfavorable determination of the ALJ stands as the Commissioner's final decision. R. 1-6; 20 C.F.R. §§ 404.981, 416.1481.

STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is limited to determining whether factual findings are supported by substantial evidence in the record as a whole and whether correct legal standards were applied. *Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (internal quotation marks omitted). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla

of evidence supporting it." *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004) (internal quotation marks omitted). The court "meticulously examine[s] the record as a whole," including any evidence "that may undercut or detract from the ALJ's findings," "to determine if the substantiality test has been met." *Wall*, 561 F.3d at 1052 (internal quotation marks omitted). While a reviewing court considers whether the Commissioner followed applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008).

ANALYSIS

In this action, Plaintiff argues that the ALJ erred by: (1) failing to consider and apply Social Security Ruling 15-1p, (2) improperly assessing Plaintiff's credibility, and (3) relying on a hypothetical question to the VE that failed to include all of Plaintiff's limitations. *See* Pl.'s Br. (Doc. No. 17) at 2-20; SSR 15-1p, 2015 WL 1292257 (Mar. 18, 2015).

A. *The ALJ's Evaluation of Social Security Ruling 15-1p*

Plaintiff argues that the ALJ's failure to "follow, much less even consider" Social Security Ruling 15-1p constitutes reversible error. Pl.'s Br. at 3. Social Security Ruling 15-1p, which became effective on March 18, 2015, "clarifies [SSA] policy on how we develop evidence to establish that a person has a medically determinable impairment (MDI)" of interstitial cystitis ("IC"), which the agency defines as a "complex genitourinary disorder involving recurring pain or discomfort in the bladder and pelvic region." SSR 15-

4

1p, 2015 WL 1292257, at *1, *2. The Ruling also clarifies how the SSA "evaluate[s] this impairment in disability claims." *Id.* at *1.

Plaintiff was diagnosed with interstitial cystitis in January 2011. R. 336. Plaintiff's physician, Darren Goff, MD, described Plaintiff as having chronic pain and dyspareunia, with a history of endometriosis and vesicovaginal fistula. R. 336-37. Dr. Goff noted that Plaintiff developed secondary pelvic pain after a Foley catheter was accidentally pulled from her bladder, an event that caused "significant damage" to Plaintiff's body. R. 337. Plaintiff subsequently developed chronic pelvic-floor pain and endometriosis, and a test administered by Dr. Goff revealed the existence of IC. R. 336, 338. In addition to pain, Plaintiff reported symptoms of urinary urgency. R. 320, 330. Both Dr. Goff and personnel to whom Plaintiff was referred by Dr. Goff continued to specifically note and provide treatment for Plaintiff's IC and related conditions (including chronic pelvic pain and pelvic-floor weakness) through August 2012. R. 310, 314, 318, 320, 328-29, 333 (Exhibit 1F).

Plaintiff contends that the ALJ's failure to explicitly mention Social Security Ruling 15-1p in the body of the hearing decision constitutes reversible error for several reasons. First, Plaintiff argues that because the medical record is "full of facts" regarding IC, the ALJ was required to mention Social Security Ruling 15-1p. Pl.'s Br. at 4. Plaintiff is correct that the ALJ did not explicitly discuss Social Security Ruling 15-1p in the hearing decision. Plaintiff cites no regulations or case law requiring an ALJ to explicitly mention an applicable Ruling by name for a decision to be legally sufficient, however, and Defendant cites persuasive authority to the contrary. *See* Def.'s Br. (Doc. 18) at 4 (citing

*McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 834 (6th Cir. 2006) (rejecting "the proposition that an ALJ must refer with specificity to Social Security Rulings when making disability determinations"); *Pugh v. Bowen*, 870 F.2d 1271, 1274 (7th Cir. 1989) ("[I]f the ALJ nevertheless conducted the requisite analysis, his failure to refer to SSR 83-20 by name should not be fatal.")).

More significantly, Plaintiff argues that the ALJ's analysis does not comply, in its substance, with the dictates of Social Security Ruling 15-1p. The Court disagrees. As outlined below, at each step in the five-step sequential evaluation affected by Social Security Ruling 15-1p, the ALJ's analysis was consistent in all material respects with the assessment contemplated by that Ruling. *See* SSR 15-1p, 2015 WL 1292257, at *1-8.

Relevant to step two, Plaintiff asserts that the ALJ erred in failing to identify IC as a severe impairment despite the diagnosis from Plaintiff's physician appearing in the record. *See* Pl.'s Br. at 6-7. Social Security Ruling 15-1p makes it clear that IC co-occurs with a number of conditions with similar symptoms, including several—such as Sjögren's syndrome and endometriosis—that are included among Plaintiff's severe impairments. *See* R. 23; SSR 15-1p, 2015 WL 1292257, at *3. The Ruling also makes clear that physicians use various terms to describe IC, because they consider the term "to be synonymous" with terms such as "bladder pain syndrome" and "painful bladder syndrome." SSR 15-1p, 2015 WL 1292257, at *2. In this case, the ALJ reasonably identified Plaintiff's IC as a severe

impairment by classifying it as "endometriosis with history of pelvic pain and bladder weakness." R. 23.[2]

Relevant to step three, Plaintiff argues that the ALJ did not properly consider whether Plaintiff's IC met or equaled any Listings. *See* Pl.'s Br. at 7-8. Social Security Ruling 15-1p provides, however, that IC is not a listed impairment and that SSA will not find that a person with "IC alone has an impairment that meets a listing." SSR 15-1p, 2015 WL 1292257, at *8. The Ruling further provides that in evaluating IC, the ALJ "will compare the specific findings in each case to any pertinent listing to determine whether medical equivalence may exist." *Id.* At step three of the sequential evaluation process, the ALJ did follow this procedure by considering Plaintiff's physical impairments under Listings 1.02, 6.00, 14.09, and 14.10.[3] R. 25.[4]

---

[2] Even assuming the ALJ was not including Plaintiff's IC within the findings of severe impairments, the ALJ nonetheless proceeded to evaluate the symptoms and limiting effects associated with this condition. R. 27, 28. "[T]he failure to find a particular impairment severe at step two is not reversible error when the ALJ finds that at least one other impairment is severe." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016); *see also Ray v. Colvin*, 657 F. App'x 733, 734 (10th Cir. 2016) (noting that any error in failing "to find an impairment medically determinable" "would be obviated if the ALJ considered the non-medically determinable impairment in assessing the RFC").

[3] Social Security Ruling 15-1p does not prescribe which Listings an ALJ should consider when evaluating IC, but Listing 6.00, which deals with genitourinary disorders, appears to be the Listing most directly relevant. *See, e.g.*, *Thomas v. Colvin*, No. 14-cv-01641-PAB, 2016 WL 1604711, at *3 (D. Colo. Apr. 22, 2016).

[4] Plaintiff relatedly contends that her mental impairments of depression and anxiety "warranted consideration" as a "psychological manifestation" of Plaintiff's IC, and therefore the ALJ at step three should have explicitly considered whether these impairments—although found by the ALJ to be nonsevere, R. 23-24—met or equaled one of the Listings for mental disorders. Pl.'s Br. at 7-8. *But see* 20 C.F.R. §§ 404.1520a(d)(2), 416.920a(d)(2) (2015) ("If your mental impairment(s) is severe, we will then determine if it meets or is equivalent in severity to a listed mental disorder."). Social Security Ruling

7

Relevant to the RFC determination, the pertinent authority is clear that such assessments hinge on the functional limitations stemming from a claimant's impairments, rather than on the way a claimant's impairments are classified. *See* SSR 15-1p, 2015 WL 1292257, at *8 ("The RFC assessment must be based on all the relevant evidence in the record."); *Rabon v. Astrue*, 464 F. App'x 732, 734 (10th Cir. 2012) ("A claimant must show more than the mere presence of a condition or ailment." (internal quotation marks omitted)); 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1) ("Your [RFC] is the most you can still do despite your limitations."); SSR 96-8p, 1996 WL 374184, at *2 (July 2, 1996) ("[I]n assessing RFC, the adjudicator must consider only *limitations and restrictions* attributable to medically determinable impairments." (emphasis added)); *cf. Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012) ("The ALJ, not a physician, is charged with determining a claimant's RFC from the medical record." (alteration and internal quotation marks

---

15-1p provides that when "a person with IC has psychological manifestations related to IC," the ALJ "must consider whether the person's impairment meets or equals the severity of any impairment in the mental disorders listings." SSR 15-1p, 2015 WL 1292257, at *8. Any error by the ALJ in failing to explicitly consider one of the mental-disorder Listings at step three is harmless, however, as the ALJ's step-two and RFC findings make clear that no such Listing would have been found to be met or equaled. At step two of the sequential evaluation, the ALJ expressly cited Listing 12.00, evaluated Plaintiff's impairments of anxiety and depression using the "Paragraph B" criteria, and determined that such impairments, "considered singly and in combination, do not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and are therefore non-severe." R. 23-24. In determining Plaintiff's RFC, the ALJ discussed (and gave discounted weight to) the opinion of a consulting psychologist and ultimately assessed no functional limitations related to Plaintiff's nonsevere mental impairments. R. 25, 30. These findings—which are not challenged by Plaintiff—"conclusively preclude" a determination that the psychological manifestations of Plaintiff's IC met or equaled any of the Listings for mental disorders. *Fischer-Ross v. Barnhart*, 431 F.3d 729, 734 (10th Cir. 2005) (finding harmless error where "confirmed or unchallenged findings made elsewhere in the ALJ's decision confirm the step three determination").

omitted)). In evaluating Plaintiff's relevant impairments, the ALJ discussed Plaintiff's hearing testimony, in which Plaintiff testified as to "continued abdominal pain with lifting, as well as some bladder weakness and urgency symptoms." R. 27; *see* R. 75, 76. The ALJ discussed Plaintiff's bladder surgeries and noted that Plaintiff had "occasional" urinary-incontinence accidents and that Neurontin was effective in relieving her abdominal pain. R. 27; *see* R. 76-78. The ALJ further cited a recent pelvic CT scan showing "no evidence of acute injury" and an earlier ultrasound revealing "no evidence of solid masses or cysts present, and with the reviewer further indicating that a prior cystic lesion was not evident and had likely resolved." R. 28; *see* R. 791-92, 845. The ALJ concluded that any symptoms stemming from Plaintiff's conditions in this regard were sufficiently accommodated by the RFC. R. 28. This thorough RFC assessment was materially consistent with the assessment contemplated by Social Security Ruling 15-1p. *See* SSR 15-1p, 2015 WL 1292257, at *8 (noting that "chronic pelvic pain" and "urinary frequency" are among the IC-related symptoms that are to be considered in the RFC determination).

Plaintiff next argues that the ALJ made findings that "contradicted the mandates" of Social Security Ruling 15-1p. Pl.'s Br. at 4-5. As one example, Plaintiff cites a provision in the Ruling stressing that "nonmedical sources," such as family members, employers, and interviewers, can assist the agency in evaluating the severity of an individual's IC and assessing the "credibility of the person's allegations about symptoms and their effects." *See* SSR 15-1p, 2015 WL 1292257, at *6. Plaintiff references a third-party function report completed by Plaintiff's husband, to which the ALJ assigned "partial weight," and argues that the ALJ's reference to the inherent bias of Plaintiff's husband

stemming from the spousal relationship is "in direct contradiction" to the stated policy of the Ruling, which "encourages such statements from spouses and close family members to obtain a more accurate longitudinal picture of the effects of IC." Pl.'s Br. at 5; *see* R. 30, 234-41. Plaintiff's argument is without merit. While the Ruling indicates that information from nonmedical sources may be useful in evaluating the severity of a claimant's IC and the credibility of the claimant's allegations, it does not mandate what weight such evidence should be given or require that such third-party statements be accepted even if the assertions contained in them are inconsistent with the evidence. *See* SSR 15-1p, 2015 WL 1292257, at *6. Here, the ALJ considered the statement from Plaintiff's husband in evaluating Plaintiff's impairments and gave sufficient reasons for not fully accepting that statement. R. 30 (ALJ finding the third-party statement was "inconsisten[t] with the objective medical evidence").

As to step five, Plaintiff argues that the ALJ erred by "failing to establish an accurate" RFC, which resulted in an "insufficient hypothetical" posed to the VE. Pl.'s Br. at 8. Specifically, Plaintiff argues that there is "sufficient evidence" that Plaintiff requires "excessive" restroom breaks such as would prevent her from working the jobs identified by the ALJ. *Id.* at 9. But Plaintiff has not cited to anything in the medical evidence to support this assertion. The Court is unable to address contentions for which a claimant fails to develop the factual and legal bases for her arguments. *See Threet v. Barnhart*, 353 F.3d 1185, 1190 (10th Cir. 2003) (declining to speculate on claimant's behalf when argument on an issue is "insufficiently developed"); *see also Chrismon v. Colvin*, 531 F. App'x 893, 896 (10th Cir. 2013) (noting that on judicial review "it is not [the court's] role

to shore up [a claimant's] argument"). Plaintiff does point to a hearing exchange in which the VE stated that an individual taking excessive restroom breaks would not be able to maintain competitive employment. *See* R. 84-85. But Tenth Circuit case law is clear that an ALJ is not required to accept the VE's answer to hypothetical questioning "that included limitations claimed by plaintiff but not accepted by the ALJ as supported by the record." *Bean v. Chater*, 77 F.3d 1210, 1214 (10th Cir. 1995).

    B. *The ALJ's Credibility Assessment*

Plaintiff argues that the ALJ's credibility assessment was "flawed, unfounded, not supported by the substantial evidence, and was an error which supports a remand for a new and fair hearing." Pl.'s Br. at 10. In support of this argument, Plaintiff disputes the ALJ's perception of her activities of daily living, subjective allegations, and her mental impairments. *See id.* at 11-17. Defendant offers a different interpretation of the record, which supports the ALJ's evaluation of the medical evidence. *See* Def.'s Br. at 10-15.

The ALJ addressed the evidence and Plaintiff's testimony in detail and found that Plaintiff's "statements concerning the intensity, persistence and limiting effects" of her symptoms were "not entirely credible." R. 27. The Court finds that the ALJ's credibility assessment was "closely and affirmatively linked to substantial evidence" in the record, as required by applicable authority. *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (internal quotation marks omitted); SSR 96-7p, 1996 WL 374186, at *4-8 (July 2, 1996) (noting that an ALJ may consider the consistency of a claimant's statements, the medical evidence, the claimant's treatment history, and the ALJ's own observations in evaluating

11

the credibility of the claimant's allegations);[5] *see, e.g.*, R. 27 (noting that evidence largely showed that Plaintiff's joint-related pain would not be as limiting as alleged), 28 (noting a lack of recent complaints of joint pain or related symptoms and Plaintiff's recent travel and activities), 30 ("[T]he claimant has participated in no formal mental health treatment and has mentioned few symptoms consistently to her providers."). Plaintiff challenges, for instance, the ALJ's use of Plaintiff's attendance at her son's sporting events as a reason to discount Plaintiff's statements regarding the severity of her symptoms. *See* Pl.'s Br. at 11-12. Yet, the ALJ also linked his credibility assessment to several other examples of Plaintiff's activities that support his determination. *See* R. 29 (noting evidence that Plaintiff camped, traveled out of state, worked on her yard, prepared meals, and drove a car).

Accepting Plaintiff's interpretation of the record would amount to reweighing the evidence and improperly substituting the Court's judgment for that of the Commissioner. "Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence." *Kepler*, 68 F.3d at 391 (internal quotation marks omitted); *see also Bowman*, 511 F.3d at 1272; *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence. We may not displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a

---

[5] Social Security Ruling 96-7p has now been superseded by Social Security Ruling 16-3p. *See* SSR 16-3p, 2017 WL 5180304, at *13 & n.27 (Oct. 25, 2017).

different choice had the matter been before it de novo." (alteration, citation, and internal quotation marks omitted)).

### C. The RFC Limitations

Finally, Plaintiff argues that the ALJ erred by relying on a hypothetical question to the VE that did not include all of Plaintiff's claimed limitations. *See* Pl.'s Br. at 18. Plaintiff's argument is closely related to the arguments discussed in Sections A and B above, as Plaintiff contends that the ALJ's failure to properly address Plaintiff's IC and the ALJ's "faulty" credibility analysis led to the ALJ posing an incomplete RFC hypothetical to the VE. *Id.* For the reasons discussed above, the ALJ's treatment of Plaintiff's IC and her evaluation of Plaintiff's symptoms are supported by substantial evidence, and the ALJ was under no obligation to include limitations in the RFC that are not supported by the record. *See Smith v. Colvin*, 821 F.3d 1264, 1270 (10th Cir. 2016) ("The administrative law judge had to ask only about the effect of those limitations ultimately assessed; the judge did not need to ask about the effect of limitations that he didn't believe applied.").

## CONCLUSION

The decision of the Commissioner is affirmed. A separate judgment shall be entered.

ENTERED this 16th day of August, 2018.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE